UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EFRAIN JARAL,

Petitioner,

v. CASE NO. 6:06-cv-1079-Orl-31KRS

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, *et al.*,

Respondents.

---

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. (Doc. No. 7). Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response. (Doc. No. 10).

Petitioner alleges four claims for relief in his habeas petition: (1) his counsel provided ineffective assistance by misleading Petitioner that "the judge would not impose more than the 22-year guidelines [sic] minimum plus probation and restitution" (claim one); (2) his counsel provided ineffective assistance by misadvising Petitioner of his eligibility for a downward departure (claim three); (3) his counsel provided ineffective

assistance by "making a totally useless argument at sentencing" (claim four); and (4) his counsel provided ineffective assistance, at the plea hearing on April 5, 2004, when he failed to object to an insufficient factual basis for Petitioner's plea (claim two). (Doc. No. 1 at 5-9).

## I. Background

On October 14, 2003, Petitioner was charged by information with two counts of D.U.I. manslaughter with failure to render aid or give information (counts one and two), one count of leaving the scene of an accident with death (count three), and two counts of child neglect (counts four and five). (Appendix A at 8-13). On April 5, 2004, Petitioner entered into a plea agreement with the State providing that he would plead nolo contendere to counts one and two, and the State would nolle prosequi the remaining counts. (Appendix A at 22-23; Appendix D at 67-72). At a plea hearing on April 5, 2004, the trial court accepted Petitioner's plea of nolo contendere to counts one and two. (Appendix A at 22-23; Appendix D at 67-72).

A sentencing hearing was held on May 27, 2004, at which Petitioner's counsel requested a downward departure. (Appendix B at 77-79). The state trial court denied the request and sentenced Petitioner to thirty years of imprisonment on count one and ten years of supervised probation on count two. (Appendix A at 56-59; Appendix B at 89-96). Petitioner did not move to withdraw his plea.

Petitioner filed a timely appeal of his judgment and sentence, and Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1987). (Appendix C at 1-8). After counsel filed an *Anders* brief, Petitioner filed a pro se brief on direct appeal,

claiming that his plea was involuntary and coerced by his attorney. (Appendix C at 14-21). The State filed a response and supplemental response, and the appellate court affirmed *per curiam* on November 23, 2004. *Jaral v. State*, 888 So. 2d 44 (Fla. 5th DCA 2004).

On June 10, 2005, Petitioner filed an amended motion for post-conviction relief in state court pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Appendix D, 27-52). The trial court summarily denied the amended motion. *Id.* at 53-88. Petitioner appealed, and the appellate court *per curiam* affirmed on May 2, 2006. *Jaral v. State*, 928 So. 2d 1237 (Fla. 5th DCA 2006). Mandate issued on May 19, 2006. (Appendix D, 91). On July 20, 2006, Petitioner filed the instant timely petition for writ of habeas corpus in this Court. (Doc. No. 1).

## II. The Antiterrorism and Effective Death Penalty Act of 1996

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The proper legal standard for assessing Petitioner's ineffective assistance of counsel claim was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the United States Supreme Court established a two-part test for assessing claims that counsel rendered ineffective assistance during criminal proceedings. *Id.* The two-part test is comprised of a prejudice prong and a performance prong and is applicable "to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In the context of a plea, Petitioner establishes *Strickland's* prejudice prong by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). The performance prong of the *Strickland* test requires that Petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of

reasonableness." *Strickland*, 466 U.S. at 688. In assessing the challenged performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90. Under these presumptions and rules, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

**III. Analysis**

At the outset, the Court notes that in assessing Petitioner's ineffective assistance of counsel claims, the state trial court correctly identified the governing legal principle set forth in *Strickland*. (Appendix D at 2). Further, Petitioner has not cited to any decision of the Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent. Thus, the only issues are whether the state court's application of *Strickland* was objectively unreasonable and whether Petitioner exhausted his claims.

**1. Claim One**

Petitioner alleges that his counsel rendered ineffective assistance when, after Petitioner informed the court he was not prepared to enter his plea, his counsel told him "that even though there was no specific sentencing agreement with the state, the judge would not impose more than the 22-year guidelines [sic] minimum plus probation and restitution." (Doc. No. 1 at 5). The state trial court denied this claim on the merits, and the

state appellate court *per curiam* affirmed. In denying this claim, the state trial court found that:

> A thorough review of the plea transcript shows that [Petitioner] understood the terms and consequences of his plea and that his plea was voluntary.
>
> * * *
>
> At his plea hearing, the Court engaged in dialogue with [Petitioner] in order to ensure that he understood the parameters of the plea that he was entering. The Court detailed the charges against him and the possible penalties he could face. [Petitioner's] counsel explained that, pursuant to the plea agreement, he could be sentenced to a term of incarceration ranging from 22 to 60 years . . . . Both the Court and [Petitioner's] counsel advised [Petitioner] on the record that there was no agreement as to a sentencing recommendation and that, following the receipt of a pre-sentence investigation report, the Court alone would decide what his final sentence would be. The Court asked [Petitioner] if counsel had explained this to him and [Petitioner] indicated to the Court that she had. The Court also inquired of [Petitioner] if he discussed the plea form with counsel and if he had any questions regarding the plea. [Petitioner] acknowledged that he had discussed the plea form with counsel and stated that he had no questions about the plea.

(Appendix D at 3-4). Based upon the foregoing, the state court found Petitioner's claim that his counsel had coerced and misadvised him to enter a plea to be "without merit." *Id.* at 4-5.

The state court's findings are amply supported by the record. Indeed, Petitioner does not dispute that the plea hearing proceeded exactly as the state court describes. Instead, Petitioner argues that "[t]he mere words spoken by a defendant during a plea colloquy are generally the equivalent to those of a ventriloquist's dummy in that more often than not, counsel has told defendants what they need to say in order to have the plea

accepted." (Doc. No. 2 at 5-6). This Court declines to disregard Petitioner's declarations made in open court as the "mere words" of a "ventriloquist's dummy." *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Accordingly, this Court finds that claim one is contrary to the signed plea agreement and Petitioner's own statements; thus, the state court's decision clearly withstands review under section 2254(d). Petitioner cannot prevail on his claim that his counsel coerced him into entering a plea with the promise that the judge would not impose more than the 22-year guideline minimum plus probation and restitution.

**2. Claim Three**

Petitioner contends that his counsel rendered ineffective assistance by "misadvising [him] of his eligibility for a downward departure." (Doc. No. 1 at 9). Specifically, Petitioner contends that "prior to the April 5, 2004 plea hearing, defense counsel told [Petitioner] that she could and would ensure that he got a downward departure . . . ." *Id.* The state trial court denied this claim on the merits, and the state appellate court *per curiam* affirmed. In denying this claim, the state trial court referred to the same findings it made in rejecting Petitioner's claim that his attorney coerced him to enter a plea by promising him that the trial court would sentence him to no more than 22 years. (Appendix D at 8 ("For the reasons set forth in the analysis of Ground I, the Court denies this claim.")).

This Court again finds that the state court's decision is amply supported by the record. The allegations of claim three are contradicted by the signed plea agreement and Petitioner's own statements; thus, the state court's decision clearly withstands review

under section 2254(d). Accordingly, Petitioner cannot prevail on his claim that his counsel coerced him into entering a plea with the promise that she would "ensure that he got a downward departure." (Doc. No. 1 at 8).

**3. Claim Four**

Petitioner claims that his counsel rendered ineffective assistance by "making a totally useless argument at sentencing." (Doc. No. 1 at 9-10). Specifically, Petitioner claims that:

> Counsel's argument at sentencing was a useless charade in that she knew or should have known that [Petitioner] had prior D.U.I. convictions that would prevent his getting a downward departure sentence. Petitioner asserts that she only made the argument to convince him that he was eligible for the downward departure like she'd told him he was, to get the form signed.

*Id.* The state trial court denied this claim on the merits,[1] and the state appellate court *per curiam* affirmed. In denying this claim, the state trial court found that "counsel's argument was not entirely untenable or disingenuous and she was well within the scope of her duty to act as an advocate on behalf of [Petitioner] in attempting to secure a lower term of incarceration." (Appendix D at 7-8).

---

[1]Petitioner contends that he raised claim four as ground five of his amended rule 3.850 motion. Respondents counter that ground five of Petitioner's rule 3.850 motion asserted a factually distinct claim; thus, claim four in the instant petition is procedurally barred. (Doc. No. 8 at 7-10). Although claim four in the instant petition does read quite differently from ground five in the rule 3.850 motion, ground five did include reference to an error in arguing for a downward departure. Further, the state court explicitly considered whether trial counsel rendered ineffective assistance in making an "unreasonable" argument "for a downward departure." (Appendix D at 7). Accordingly, this Court will address claim four on the merits.

This Court cannot find that the state court's decision rejecting Petitioner's claim that his attorney provided ineffective assistance in arguing for a downward departure was "contrary to" the governing legal authority or objectively unreasonable. This Court need not even consider whether counsel's performance was adequate under *Strickland's* first prong because Petitioner cannot establish that he suffered any prejudice. *Grayson v. Thompson*, 257 F.3d 1194, 1225 (11th Cir. 2001) ("In this case, we need not decide whether counsel's performance was in fact deficient because Grayson so clearly fails to satisfy the prejudice prong of the Sixth Amendment analysis."). Indeed, Petitioner concedes in his reply that "he cannot show that actual prejudice occurred as a result of counsel making this argument to the Court as Florida law does allow such argument."[2] (Doc. No. 10 at 8). Accordingly, Petitioner cannot prevail on this claim.

**4. Claim Two**

Petitioner asserts that his counsel rendered ineffective assistance by failing to object to an insufficient factual basis provided by the Sate at the plea hearing on April 5, 2004. (Doc. No. 1 at 6). Specifically, Petitioner asserts:

---

[2]In the context of a plea, a Petitioner establishes *Strickland's* prejudice prong by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). Here, Petitioner cannot establish such prejudice because at the time of the sentencing hearing, Petitioner had already plead guilty. Further, Petitioner does not contend that the state court would have granted him a downward departure had counsel made a different argument. There is simply no logical basis upon which this Court can made a finding that Petitioner suffered any prejudice resulting from his counsel's allegedly "useless" argument.

> At the April 5, 2004 plea hearing, the factual basis for the plea only indicated that Petitioner's truck turned into the path of the victims [sic] motorcycle. It never said the motorcycle hit the truck or that the truck hit the motorcycle. Neither did it say that the motorcycle hit anything else as a direct result of the truck turning into its path.

(Doc. No. 1 at 6). Respondents argue that claim two is procedurally barred because Petitioner failed to raise the claim in state court. (Doc. No. 8 at 7-10).

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). This Court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992); *see also Henderson*, 353 F.3d at 898 n.25 ("Both the legal theory and the facts on which the federal claim rests must be

substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Here, Petitioner contends that he raised claim two of the instant petition as ground nine of his amended rule 3.850 motion. *Id.* at 7. Respondents note that ground nine of Petitioner's amended rule 3.850 motion does not set forth a claim of ineffectiveness of counsel during the plea hearing on April 5, 2004. Instead, in claim nine Petitioner alleges that his counsel rendered ineffective assistance during the sentencing hearing on May 27, 2004, when she should have objected to the "state attorney failing to state an accurate factual basis on the record." (Appendix D at 17).

A comparison of claim two of the instant petition with ground nine of Petitioner's rule 3.850 motion reveals that Petitioner did not fairly present the instant claim to the state court, and Petitioner has not argued that either of the two narrow exceptions to the procedural bar apply.[3] Accordingly, the Court finds that claim two is procedurally barred.

---

[3]Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Even if claim two were not procedurally barred, it would be denied on the merits. In rejecting Petitioner's claim that his counsel rendered ineffective assistance during the May 27, 2004 sentencing hearing, the state court found that "the state attorney provided the Court with a lengthy factual basis at [the April 5, 2004] plea hearing that addressed among other things, the scope of potential testimony from witnesses to the fatal accident." (Appendix D at 10). The state court concluded that the adequate factual showing made at the plea hearing need not have been repeated at the sentencing hearing on May 27, 2007.

The state court's finding that the state attorney did present an adequate factual basis for Petitioner's plea at the plea hearing is supported by the record[4] and contradicts the

---

[4]During the plea hearing on April 5, 2004, the state trial court instructed the State to furnish a factual basis for the plea, and the State did so:

> The State's evidence would show that on September 20th of 2003, in Osceola County, Florida, [Petitioner] was driving his vehicle . . . when he turned left into the path of a motorcycle being driven by Randall Van with a passenger, Pamela Wolfe on the motorcycle. . . . The two victims . . . were killed in this collision. . . . Mr. Van had a green light according to witnesses . . . [who saw Petitioner] outside of the driver's side of his vehicle with his children inside. . . . There was no other adult in . . . [Petitioner's] vehicle, or leaving [Petitioner's] vehicle. . . . [Petitioner] left the scene, leaving his children in his vehicle.

(Appendix D at 47-48). The State further related that Petitioner was located at his home a short time later and had "air bag burn marks on his arms indicating he had been holding the driver's wheel in the car when the air bag went off." *Id.* at 48. More than two hours after the accident, Petitioner had a medical blood alcohol level of .262, "so there would be no doubt that his blood alcohol level at the time of th[e] accident well over .08." *Id.* at 49. In arguing against Petitioner's request for a downward departure, the state attorney reiterated many of the foregoing facts during the sentencing hearing on May 27, 2004. (Appendix B at 86-87).

instant claim that his counsel rendered ineffective assistance during the plea hearing on April 5, 2004. Accordingly, Petitioner cannot prevail on this claim.[5]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Efrain Jaral (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 29th day of August, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 8/29
Counsel of Record
Efrain Jaral

[5] Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.